**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4044**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICKY LEE TYNDALL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:10-cr-00200-RBS-DEM-1)

Submitted: September 26, 2012      Decided: October 12, 2012

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Keith N. Hurley, KEITH N. HURLEY, P.C., Richmond, Virginia, for Appellant. Cameron Rountree, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Ricky Lee Tyndall pled guilty to one count of interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. §§ 2, 1951 (2006) (Count Two), and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) & (B) (2006) (Counts Three and Five). The district court sentenced Tyndall to 6 months on Count Two, 120 months on Count Three, and 300 months on Count Five, all to be served consecutively, for a total sentence of 426 months' imprisonment. Tyndall appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but challenging the sufficiency of the evidence to support Tyndall's convictions and questioning whether he was denied effective assistance of counsel. Tyndall filed a pro se supplemental brief challenging his twenty-five year sentence on Count Five. For the reasons that follow, we affirm.

Turning first to the sufficiency of the evidence, "[a] Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). Count Two charged Tyndall and others with robbing a 7-11 engaged in interstate commerce on September 29,

2

2010.  The Statement of Facts, which Tyndall signed and acknowledged under oath as accurately representing his crimes, provided that on September 29, 2010, Tyndall and two others robbed a 7-11 while brandishing short-barreled shotguns, which interfered with the store's engagement in interstate commerce. We conclude that the evidence was sufficient to support Tydall's Hobbs Act conviction.

Counts Three and Five charged Tyndall with violating 18 U.S.C. § 924(c)(1)(A).  To support a conviction under § 924(c), the Government must establish two elements: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997); United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009).  The Statement of Facts established that Tyndall used and brandished short-barreled shotguns during the September 29, 2010, robbery of the 7-11 and during the robbery of a Family Dollar store on October 1, 2010.  We consider the Statement of Facts sufficient to support Tyndall's convictions on Counts Three and Five.

Counsel also states in the formal brief that Tyndall was denied effective assistance of counsel because his attorney failed to properly inform him about the consequences of his guilty plea and his right to a trial.  Because the record does

3

not conclusively show that counsel failed to provide effective representation, Tyndall's claim is not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

Finally, in his pro se supplemental brief, Tyndall contends that he was improperly sentenced on Count Five to a twenty-five year term under 18 U.S.C. § 924(c)(1)(C) because the indictment did not charge that he had previously been convicted under that statute. This Court has held that the mandatory consecutive sentencing scheme established in § 924(c) for multiple convictions under the statute was not affected by United States v. Booker, 543 U.S. 220 (2005). United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Further, this Court has concluded that the sentencing enhancements under § 924(c)(1)(C) for successive § 924(c) convictions fall within the prior convictions exception to the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus are not required to be alleged in the indictment. United States v. Cristobal, 293 F.3d 134, 146-47 & n.20 (4th Cir. 2002). Accordingly, Tyndall's argument is unavailing.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. Counsel's request to withdraw from representation is denied. This Court requires that counsel

4

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED